## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SECURITY and DATA TECHNOLOGIES, INC.,** : | **CIVIL ACTION** |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **No. 12-2393** |
| : | |
| **SCHOOL DISTRICT OF PHILADELPHIA,** : | |
| **et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## JURY INSTRUCTIONS

1. <u>Role of Jury</u>

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law. You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

2.  <u>Introductory Remark</u>

The two primary statutes at issue are 42 USC §§ 1981 and 1983. Generally, section 1981 protects the right, regardless of race, to make and enforce contracts. Section 1983 provides the remedy for violations of section 1981. I will now provide more specifics on each statute.

2

## Section 1981 CLAIM

3.  Section 1981 Claim Generally

Section 1981 mandates that "[a]ll persons within the Jurisdiction of the United States shall have the same right [regardless of race] in every State and Territory to make and enforce contracts," which includes the making, performance, modification, and termination of such contracts as well as the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

In this case SDT has made a claim under Section 1981. Specifically, SDT claims that it was denied the camera project contract by the SRC, the School District and Ackerman on the basis of race. The SRC, the School District and Ackerman deny that SDT was discriminated against in any way.

3

4.  Elements of a Section 1981 Claim

In this case, SDT is alleging that the SRC, the School District and Ackerman denied it the camera project contract based on race. In order for SDT to recover on this discrimination claim, SDT must prove that the SRC, the School District and/or Ackerman intentionally discriminated against SDT. This means that SDT must prove that its racial identity was a determinative factor in the decision not to award SDT the contract.

To prevail on this claim, SDT must prove the following by a preponderance of the evidence:

First: The SRC, School District and/or Ackerman denied SDT a contract;

Second: SDT has a racial identity or has suffered racial discrimination;

Third: SDT's racial identity was a determinative factor in the decision.

Although SDT must prove that the SRC, the School District and/or Ackerman acted with the intent to discriminate, SDT is not required to prove that they acted with the particular intent to violate SDT's federal civil rights. Moreover, SDT is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

The SRC, the School District and Ackerman have given a nondiscriminatory reason for denying SDT the contract. If you do not believe this explanation for their conduct, then you may, but need not, find that SDT has proved intentional discrimination. In determining whether the stated reason for the actions by the SRC, the School District and Ackerman was a pretext, or excuse, for discrimination, you may not question the SRC, the School District and Ackerman's business judgment or their wisdom. You cannot find intentional discrimination simply because you disagree with the business judgment of the SRC, the School District and Ackerman or

4

believe it is harsh or unreasonable. You are not to consider the SRC, the School District and Ackerman's wisdom. However, you may consider whether the reason is merely a cover-up for discrimination.

Ultimately, you must decide whether SDT has proven that its racial identity was a determinative factor in denying SDT the contract. "Determinative factor" means that if not for SDT's racial identity, SDT would not have been denied the contract.

5. Section 1981 Definitions—Race

You must determine whether the discrimination, if any, was based on race, as it is only racial discrimination that is prohibited by this statute under which SDT seeks relief. The parties dispute whether SDT is a member of a "race" entitled to the protections of the statute. You are instructed that the statute is intended to protect those subjected to intentional discrimination because of their ancestry or ethnic characteristics. The question you must answer is whether SDT has either acquired a racial identity or has suffered racial discrimination. I am instructing that a corporation may be deemed to have a racial identity.

6

## § 1983 CLAIM

### 6. Introduction & Elements of the Claim

SDT is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal civil rights under color of state law.

In order to establish a violation of Section 1983, SDT must prove both of the following elements by a preponderance of the evidence:

First: the SRC, the School District and/or Ackerman acted under color of state law, in that they were acting on behalf of a government entity. In other words, this element of SDT's claim is not in dispute.

Second: While acting under color of state law, the SRC, the School District and/or Ackerman deprived SDT of a federal civil right by denying it a contract on the basis of race. This federal civil right was established by Section 1981 and I have already instructed you on the elements of that underlying claim.

7

7.   Municipal Liability – General Instruction

If you find that SDT was deprived of its federal civil rights under Section 1981, the SRC and/or the School District are liable for that deprivation if SDT proves by a preponderance of the evidence that the deprivation resulted from an official policy or custom – in other words, that the SRC and/or School District's official policy or custom caused the deprivation.

It is not enough for SDT to show that the SRC and/or the School District employed a person who violated SDT's rights. SDT must show that the violation resulted from the SRC and/or the School District's official policy or custom. "Official policy or custom" includes any of the following:

A rule or regulation promulgated, adopted, or ratified by a designated person of authority, the School District and/or the SRC;

A policy statement or decision that is officially made by the School District and/or the SRC; or

A custom that is a widespread, well-settled practice that constitutes a standard operating procedure of the School District and/or the SRC.

I will now proceed to give you more details on each of the ways in which SDT may try to establish that an official policy or custom of the School District and/or the SRC caused the deprivation.

8.   Municipal Liability – Policy

In this case, SDT argues that there was a policy adopted by the SRC and the School District that authorized the increase of minority contracting above goals established by the City of Philadelphia, which in turn reduced contracts to "majority"/white-owned corporations. If you find that Plaintiff has proven that this policy existed and led to the denial of the camera project contract to SDT, then Plaintiff will have satisfied this burden regarding whether the SRC and/or the School District caused the racial discrimination at issue.

9

9.  <u>Municipal Liability – Choice by Policymaking Official</u>

The actions of Ackerman, then Superintendent, represent a decision by the SRC and/or the School District itself. Thus, when Ackerman makes a deliberate choice to follow a course of action, that choice represents an official policy. Through such a policy, Ackerman may cause a violation of a federal right by:

- directing that the violation occur, or
- authorizing the violation, or
- agreeing to a subordinate's decision and the basis for such decision to engage in the violation.

I instruct you that Ackerman is a policymaker whose deliberate choices represent official policy. If you find that such an official policy was the cause of and the moving force behind the violation of SDT's right to enter into a contract with the School District, then you have found that the SRC and/or School District caused that violation.

10

10. Municipal Liability - Custom

SDT may prove the existence of an official custom by showing the existence of a practice that is so widespread and well-settled that it constitutes a standard operating procedure of the SRC and/or the School District. A single action by a lower level employee does not suffice to show an official custom. But a practice may be an official custom if it is so widespread and well-settled as to have the force of law, even if it has not been formally approved. You may find that such a custom existed if there was a practice that was so well-settled and widespread that the policymaking officials of the School and/or the SRC either knew of it or should have known of it.

If you find that such an official custom was the cause of and the moving force behind the violation of SDT's right to make contracts pursuant to Section 1981, then you have found that the SRC and/or the School District caused that violation.

11

11. Compensatory Damages

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the SRC, the School District and/or Ackerman should be held liable.

If you find by a preponderance of the evidence that the SRC, the School District and/or Ackerman intentionally discriminated against SDT by denying the award of the camera installation contract, then you must consider the issue of compensatory damages. You must award SDT an amount that will fairly compensate it for any injury it actually sustained as a result of conduct by the SRC, the School District and/or Ackerman. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put SDT in the position it would have occupied if the discrimination had not occurred. SDT has the burden of proving damages by a preponderance of the evidence.

SDT must show that the injury would not have occurred without the SRC, the School District and/or Ackerman's actions. SDT must also show that those actions played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of actions by the SRC, the School District and/or Ackerman. In this case, SDT seeks to recover the profit it claims it would have enjoyed had it been awarded the contract.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. But the law does not require that SDT prove the amount of its losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

12

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

12. Preponderance of the Evidence

This is a civil case. SDT is the party that brought this lawsuit. The SRC, the School District and the Estate of Arlene Ackerman are the parties against whom the lawsuit was filed. SDT has the burden of proving its case by what is called the preponderance of the evidence. That means SDT has to prove to you, in light of all the evidence, that what it claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to SDT and the evidence favorable to the SRC, the School District and Ackerman on opposite sides of the scales, SDT would have to make the scales tip somewhat on its side. If SDT fails to meet this burden, the verdict must be for the SRC, the School District and Ackerman. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proven by a preponderance of the evidence.

In determining whether any fact has been proven by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

14

13. Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched, or heard. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

14. <u>Witness Credibility</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

16

15. Use of Deposition

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

16. Opinion Testimony

You have heard testimony containing opinions from expert witnesses for the parties. In weighing this opinion testimony, you may consider their qualifications, the reasons for their opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinions of these expert witnesses should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of the parties' experts, you may consider any bias that they may have, including any bias that may arise from evidence that expert witnesses have been or will be paid for reviewing the case and testifying or from evidence that the expert witnesses testify regularly and make a large portion of their income from testifying in court.

17. Number of Witnesses

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

18. Deliberations

When you retire to the jury room to deliberate, you may take with you these instructions, your notes and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest

20

convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone, iPhone, Blackberry or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service such as Facebook, MySpace, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give

21

them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.