## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

|  |  |  |
|---|---|---|
| **SECURITY & DATA TECHNOLOGIES, INC.** | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 2:12–cv–02393 |
| **THE SCHOOL DISTRICT OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## [PROPOSED]  O R D E R

**AND NOW**, this _____ day of _____, 2016, upon consideration of Defendants' Response to Plaintiff's Motion for the Award of Attorney's Fees, Costs and Prejudgment Interest, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED IN PART.**  Plaintiff's counsel's request for attorney's fees, costs and prejudgment interest is reduced as follows:

1. Plaintiff's fees shall be reduced to **$262,649.63.**

2. Plaintiff shall be awarded the following costs **$11,343.15**.

3. Plaintiff shall be awarded the following amount in prejudgment interest $ **$289,132.17**.

BY THE COURT:

_____
MITCHELL S. GOLDBERG, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **SECURITY & DATA TECHNOLOGIES, INC.** | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 2:12–cv–02393 |
| **THE SCHOOL DISTRICT OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

_____

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION
FOR AN AWARD OF ATTORNEY'S FEES, COSTS AND PREJUDGMENT INTEREST**

## I.        PRELIMINARY STATEMENT[1]

This single-plaintiff reverse race discrimination case was overstaffed and

overbilled by Plaintiff's counsel who now asks to be compensated at premium rates for

a great deal of work that should have been performed by associates, paralegals and

other staff l.  In total, Plaintiff's team billed *2,059.85* hours and seeks *$800,922.00* in

fees for prevailing on a single claim in a case.  Defendants object to Plaintiff's fee

request for the following reasons:  (i) many tasks performed were unnecessary; (ii) the

number of hours billed by counsel and staff is excessive, duplicative and unreasonable,

especially given the purported experience of counsel (***e.g. 73.9 hours working on a***

***response to a motion to dismiss the Amended Complaint which only asserted***

***one claim; 172.2 hours on document review; 279.9  hours working on a response***

***to a Motion for Summary Judgment for a cause of action with one claim; 24 hours***

***preparing for a 5 1/2 hour deposition; 150.5 hours on motions in limine and its***

***pretrial memorandum***); (iii) many of the time entries are too vague to be evaluated for

reasonableness; (v) Plaintiff's fee petition failed to account for j a verdict in favor of

Defendant, the School Reform Commission or for voluntarily dropping its cause of

action for civil conspiracy; and (vii) many of the costs sought by Plaintiff's counsel are

unreasonable, unnecessary or inadequately documented.  Plaintiff won its case against

two Defendants at trial and is entitled to recover reasonable fees and costs, but that

---

[1] Defendants refer to and incorporate herein the Declarations of Attorneys Denis R. Suplee and Sidney R. Steinberg and the Appendices filed herewith. These lawyers represent members of the local bar with significant commercial and employment law litigation experience necessary for this Court to determine what is appropriate level work to be performed by senior partners, associates, paralegals and administrative staff in a law firm.  Their Declarations will assist the Court to determine the appropriateness of certain tasks being billed at the premium senior partner level rate by Plaintiff's counsel in this case.

victory does not permit Plaintiff to recover for overbilling, overstaffing and duplication of efforts.

Defendants have detailed the overbilled and unnecessary work performed by Defendants and categorized those entries in the attached Appendices A-S. A summary of the reductions detailed in each appendix (totaling $416,669.85) is attached as Exhibit 1.

## II.     Standard for Assessing Fee Application

Although a court may award a prevailing party attorney's fees in civil rights litigation, the award of fees for the time spent by attorneys is not automatic, and the party requesting attorney's fees carries the burden of proving the reasonableness of its request. See Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 711 (3d Cir. 2005). The reasonableness of the amount of attorney's fees depends on the facts of each case. Hensley v. Eckerhart, 461 U.S. 424, 429 (U.S. 1983). The lodestar method has been uniformly adopted as the method used to determine the reasonableness of an application for attorney's fees. Perdue v. Kenny A., 559 U.S. 542, 551 (2010). The Court must exclude hours that "are excessive, redundant, or otherwise unnecessary." Interfaith, 426 F.3d at 711. "A reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys" as "Section 1988's aim is to enforce the covered civil rights statutes, not to provide a form of economic relief to improve the financial lot of attorneys." Perdue, 559 U.S. at 552.

The court, however, has wide discretion to decrease fees based on the objections presented by the adverse party. See Bell v. United Princeton Props., 884

F.2d 713, 715 (3d Cir. 1989).  And while the lodestar cannot be reduced because of

defendant's "distressed financial situation," the "Court will, however, look closely at the

lodestar, recognizing its special responsibility to ensure that taxpayers are required to

reimburse prevailing parties for only those fees and expenses actually ***needed*** to

achieve the favorable results."  P.D. v. Sch. Dist. of Phila., No. 07-713, 2007 U.S. Dist.

LEXIS 103234, *2 (E.D. Pa. June 28, 2007) ("P.D.")

### III.   ARGUMENT

#### A.   The hours billed are excessive and unreasonable

Plaintiff's counsel's billing records show an enormous amount of  hours spent by

senior attorneys on unnecessary and administrative tasks.  Because of this, the Court is

forced to painstakingly "review the time charged, decide whether the hours set out were

reasonably expended for each of the particular purposes described and then exclude

those that are excessive, redundant, or otherwise unnecessary."  Maldonado v.

Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).  Defendants cannot properly be billed for

tasks Plaintiff's counsel would not generally bill their own client.  Pub. Interest Research

Group v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995).

While touting their experience, Plaintiff's counsel were profligate billers, who

spent inordinate amounts of time on tasks that should have been streamlined because

of their purported experience, including, but in no way limited to, time spent as follows:

- spending ***24.6 hours*** to draft one motion to compel discovery; [2]

- spending ***46.6 hours*** to initiate the action through the drafting of the

---

[2] See Appendix G.

Complaint and Amended Complaint; [3]

- spending *73.9 hours* to respond to a motion to dismiss the Amended Complaint, which only alleged one cause of action; [4]

- spending *87.6* hours to respond to Defendants' Motion for Sanctions on the sole issue of a late submitted expert fee; [5]

- spending *87.7 hours* conducting legal research having nothing to do with Plaintiff's response to Defendants' Motion to Dismiss, Motion for Sanctions, Motion for Summary Judgment or Motions in Limine or in support of Plaintiff's affirmative Motion to Compel or Motions in Limine; [6]

- spending *172.2 hours* associated with completing document production and repetitive document reviews; [7]

- spending *150.6 hours* to draft a Pre-trial Memorandum; draft three motions in limine;  and to respond to nine motions in limine; [8]  and

- spending an inconceivable *279.9 hours* (almost 12 full 24-hour days) to respond to Defendants' Motion for Summary Judgment that again only addressed three significant issues: standing, liability on Plaintiff's sole cause of action and damages. [9]

Experienced employment attorneys should not have needed such an enormous amount of time to complete any of these tasks.  It is inexplicable why Plaintiff's legal

---

[3] See Appendix C.
[4] See Appendix M.
[5] See Appendix K.
[6] See Appendix F.
[7] See Appendix J.
[8] See Appendix I.
[9] See Appendix L.

team billed so much time on each of these areas of the litigation given Mr. Homans' and
his team's purported expertise in employment discrimination cases, as touted in in
Plaintiff's Motion for Award of Attorneys' Fees, Costs and Prejudgment Interest
("Motion") and his supporting Declaration (ECF No. 197-3) ("Homans Decl.").

### 1. Plaintiff's counsel spent excessive hours initiating this action

From the very beginning of this litigation, Plaintiff's counsel should not have
needed nearly forty-seven (47) hours to draft the two pleadings in this case.  The initial
Complaint only contained two causes of action (§1981 violation and civil conspiracy),
and the Amended Complaint contained only one cause of action (§1981 violation, and
did not require extensive factual background investigation on the part of Plaintiff's
counsel.  This is especially true where, as here, *The Philadelphia Inquirer* had already
reported on the allegations in the Complaint and Plaintiff's counsel had access to two
complaints involving the same factual allegations filed three and four months before
Plaintiff filed its Complaint.  See Dougherty v. The School District of Philadelphia, No.
12-1001, ECF No.1 (E.D. Pa.) and Byars v. The School District of Philadelphia, et al,
No. 2:12-cv-00121-MSG, ECF No. 1-2 (E.D. Pa.) (originally filed in state court on Dec.
27, 2011);[10] and Declaration of Sidney R. Steinberg, Esquire ("Steinberg Decl."),
attached hereto as Exhibit A at ¶31).  Moreover, the factual allegations in Plaintiff's
Complaint were not as detailed as the allegations that were contained in the Dougherty
Complaint.  (Steinberg Decl. at ¶39).  At a minimum, Plaintiff's hours for drafting two
versions of its complaint should be reduced to 15 hours, totaling $6,100.

### 2. Plaintiff's counsel spent excessive hours responding to one motion to dismiss

---

[10] Six weeks before the Complaint was filed, Mr. Homans had a telephone call with Alice Ballard, Esquire,
Plaintiff's counsel in Dougherty.  (See Homans billing entry on March 19, 2012.)

Despite the fact that Plaintiff's counsel billed 46.6 hours to drafting the two complaints, it inexplicably billed nearly seventy-four (74) hours to respond to Defendants' Motion to Dismiss the Amended Complaint.  Defendants' Motion to Dismiss the Amended Complaint raised four issues: 1) standing of Plaintiff to bring the cause of action; 2) failure of Plaintiff to plead sufficient facts on the issue of motive to discriminate; 3) lack of vicarious liability for the two corporate defendants under the standard articulated by the U.S. Supreme Court in <u>Monell v. Dept. of Social Services of City of New York,</u> , 436 U.S. 658 (1978); and 4) lack of legal authority by the individual defendant to enter into contracts on behalf of the School District of Philadelphia. Importantly, two of the issues, nos. 2 and 3 should have been well-known and well understood by Plaintiff's counsel with their extensive background in civil rights work. Mr. Tomasco, a "highly skilled litigator" according to Mr. Homans (Homans Decl. at ¶24), he alone billed nearly sixty hours to responding to one motion to dismiss.  (<u>See</u> Appendix M).  Given the excessive amount of hours spent responding to this one preliminary motion, Plaintiff's counsel's request for fees should be reduced to 17.3 hours totaling $6,909 – a healthy fee for any lawyer in this market for responding to a single motion to dismiss.  (<u>See</u> Appendix M).

### 3.  Plaintiff's counsel spent excessive hours drafting a motion to compel

Plaintiff's counsel billed 24.6 hours drafting a single motion to compel discovery. In its motion, Plaintiff's counsel sought information and documents in response to two similar interrogatories, and it also petitioned the Court to order Defendants to produce un-redacted copies of two documents related to one invoice.  (<u>See</u> ECF Nos. 75-6 and 75-7).  Plaintiff's counsel was not seeking responses to multiple interrogatories and

6

document requests requiring extensive categorization and legal citation that would justify the amount of time billed for drafting the motion.  Given the excessive amount of hours spent drafting this one simple motion to compel involving no unique issues, Plaintiff's counsel's request for fees should be reduced to 4.5 hours totaling $1,592.50. (<u>See</u> Appendix G).

### 4.  Plaintiff's counsel spent excessive hours responding to Defendants' Motion for Sanctions

After the close of discovery and having missed the deadlines to identify and produce an expert report, Plaintiff decided to file a late expert report after Defendant's served an expert report on the issue of damages.  After a hearing addressing the issue, Defendants filed a motion for sanctions to either strike the late served expert report of Plaintiff or, alternatively, to be granted monetary sanctions for the costs of having to obtain a rebuttal expert report.  (<u>See</u> ECF No. 91).  In response to this singular issue of the late produced expert report, Plaintiff's counsel improbably billed ***87.6*** hours to respond to the motion for sanctions.  The issue raised by the motion was straightforward.  The relief sought by the motion was straightforward.  The response by Plaintiff's counsel should have been straightforward as well.  Plaintiff's counsel should not now be rewarded for its lack of diligence in the prosecution of its case by failing to timely obtain an expert by awarding its counsel an unwarranted amount of fees in response to Defendants' reasonable and sound motion to dismiss.  As it was the actions of Plaintiff's counsel and Plaintiff's counsel alone that precipitated this preventable motion by Defendants, Plaintiff's counsel's hours should be reduced to 17.5 and its request for fees should be reduced to $6,950.  (<u>See</u> Appendix K).

### 5.  Plaintiff's counsel spent excessive hours conducting superfluous

**legal research**

One of the most baffling categories of billing entries for Plaintiff's counsel's request for fees is the amount of time spent conducting legal research that is not connected to any major briefing activity.  Plaintiff's counsel billed almost **_90 hours_** for legal research that was not connected to its responses to Defendants' Motion to Dismiss, Motion for Sanctions, Motion for Summary Judgment or Motions in Limine. (See Appendix F).  Moreover, this research is also not connected to Plaintiff's Motion to Compel or its own Motions in Limine filed in preparation for the trial of this matter.  (Id.). Leaving aside the substantial amounts of research that Plaintiff's counsel performed for the purposes of responding to Defendants various motions, it cannot be explained why Plaintiff's counsel devoted this excessive amount of time to legal research.  Some of this research is gratuitous such as was the 3.4 hours spent by Mr. Tomasco researching "defendants' likely affirmative defenses and required proof" almost six weeks before Plaintiff filed a Complaint much less before Defendants ever filed an actual answer. (See Tomasco entry for March 25, 2012).  Other research should simply have been unnecessary given the expertise of Plaintiff's counsel in the area of discrimination, such as Mr. Tomasco's 3.5 hours devoted to "research Section 1981 law re: planning necessary discovery to support claim further."  (See Tomasco entry for May 27, 2012). Other entries are simply too vague to understand what legal research what was being conducted such as Mr. Tomasco's "Prepare update to legal research on necessary proof for claims made in case" or "research and summarize updated legal standards at issue."  (See Tomasco entries for June 5-6, 2014).  Again, Plaintiff alleged only one well-known cause of action: Section 1981.  Given the purported expertise of Plaintiff's

counsel in this area of the law, the majority of this additional legal research should be stricken, and Plaintiff's hours for non-essential legal research should be reduced to 12.9 hours totaling $4,836.  (See Appendix F).

### 6.  Plaintiff's counsel spent excessive hours responding to Defendants; Motion for Summary Judgment

Plaintiff's counsel billed an extraordinary ***279.9 hours, totaling over $100,000 in legal fees*** responding to Defendants' Motion for Summary Judgment and related Motion to Strike Newspaper Articles from Plaintiff's response in opposition to summary judgment.  (ECF Nos. 97 & 109).  The request for this amount of time is incomprehensible because Defendants' summary judgment motion addressed the same four issues that Defendants raised in their earlier motion to dismiss.  The only new issue that was raised was the issue of damages, which had been addressed to some extent in the Motion for Sanctions.  This is an astonishing amount of time devoted to addressing issues that were not novel to the case and to which they had responded previously, especially given the purported expertise of Plaintiff's counsel in the area of discrimination law and the fact that they had addressed these issues substantively on a prior occasion, the majority of the time that Plaintiff devoted to this response should be stricken and Plaintiff's hours for this work should be reduced to a still very significant amount of time – 49.2 hours, totaling $17,892.  (See Appendix L).

### B.  Premium Rates for Basic Tasks

"Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn."  See Ursic, 719 F.2d at 677.  To set a reasonable hourly rate, this Court must also "examine whether a less senior attorney could have performed the same work performed by counsel in this case in a competent manner."  Becker v. ARCO Chem.

9

Co., 15 F. Supp. 2d 621, 632 (E.D. Pa. 1998); see also, Employers Insurance Co. of

Wausau v. Harleysville Insurance Co. of New Jersey, No. 05-4900, 2008 U.S. Dist.

LEXIS 95003 (D. N.J. Nov. 20, 2008) (excluding billings at partner-level rates that

should have been done by an associate).  Not only should some work be delegated

down to less senior attorneys, some work should be delegated to paralegals and

administrative staff.  .  See L.J. v. Audubon Bd. of Educ., 2009 U.S. Dist. LEXIS 31473,

*45 (D.N.J. Apr. 13, 2009) (refusing to reimburse lawyer for work that should have been

performed by secretarial or non-legal staff).

In this case, Mr. Homans, an experienced and accomplished expert in this area

of the law spent a great deal of time on mundane tasks more appropriately left to

associates and paralegals.  (See Steinberg Dec. and Declaration of Dennis R. Suplee,

Esq. ("Suplee Dec.") attached hereto as Exhibit B).  For example, Mr. Homans devoted

countless hours to work that a less senior attorney or a paralegal could have tackled. [11]

Mr. Homans did research and wrote memos that would have normally been performed

by a less senior attorney with a lower billable rate.  (Steinberg Dec. at ¶37-38 & 42).  Mr.

Homans also performed tasks such as personally drafting a discovery plan, personally

drafting self-executing disclosures and written discovery to propound upon Defendants

that should have been left to either associates or paralegals.  (Steinberg Dec. at ¶44;

Suplee Dec. at ¶11).

Plaintiff's counsel cannot request exorbitant hourly rates based on their purported

experience and, at the same time, bill excessive hours on tasks that should be routine

---

[11] Again, it is contradictory for plaintiff's counsel to seek compensation as experts in the field and spend inordinate amounts of time researching legal issues that should otherwise be known to an experienced employment lawyer.  Rainey v. Philadelphia Hous. Auth., 832 F.Supp. 127, 130 (E.D.Pa. 1993) (stating "[n]ormally, the higher the allowed hourly rate commanded based upon skill and experience, the shorter the time it should require an attorney to perform a particular task.").

to experienced lawyers.  Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. Pa. 1983), is instructive about this Court's scrutiny of Plaintiff's counsel's purported billing and their alleged expertise: "A fee applicant cannot demand a high hourly rate -- which is based on his or her experience, reputation, and a presumed familiarity with the applicable law -- and then run up an inordinate amount of time researching that same law."

In each of the categories set forth in the attached appendices, there are countless hours spent my Mr. Homans engaging in document review, legal research, primary drafting of briefs and motions, drafting correspondence, preparing witnesses for deposition; all of which should have been delegated down from partners to associates and paralegals and from associates to paralegals and administrative assistants.  Due to the enormous numbers of examples of such mundane legal tasks performed by senior partners and senior associates that are included in Plaintiff's billing entries, Defendants have broken down Plaintiff's bills into categories and addressed the specifics of the proposed reductions in each category in the attached Appendices A-S.  Appendices B, Q, and R, represent work that was clerical in nature, wholly unnecessary, and so vague as to be incomprehensible.  For those categories, Defendants request that the fees be stricken in their entirety.

Defendants ask this Court to reduce Plaintiff's requested fees by **$416,669.85** for overbilled work and unnecessary work.  A summary of Appendices A-S and the requested reductions is attached as Exhibit 1.

### C.    The Fee Petition Fails to Account for Plaintiff's Partial Success

The Court must separately reduce the fees associated with preparing the fee petition based on the limited success obtained in the fee petition. S.M. v. Sch. Dist. of Upper Dublin, No. 10-4038, 2012 U.S. Dist. LEXIS 101047, *12 (E.D. Pa. July 20, 2012). At trial, Plaintiff was not successful in prosecuting its claim against the School Reform Commission. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1044 (3d Cir. Pa. 1996) (upholding 50% reduction of attorneys' fees where Plaintiff was unsuccessful on five of nine counts).

Because Plaintiff was only successful as to two of the three Defendants, the case law supports a downward fee adjustment for Plaintiff's partial success. Hensley 461 U.S. at 436; Spencer v. Wal-Mart Stores, 469 F.3d 311, 318 (3d Cir. 2006); McGuffey, 598 F.Supp.2d at 674-675. For these reasons, the Court should reduce Plaintiff's lodestar by at least ***one-third***. *See Reid v. Sch. Dist. of Philadelphia,* No. 03-1742, 2005 U.S. Dist. LEXIS 1023 (E.D. Pa. Jan. 21, 2005) (reducing lodestar by 50% to reflect partial success); see also *Sheffer*, 290 F. Supp. 2d at 551 (reducing lodestar by two-thirds); see also *David P. v. Lower Merion Sch. Dist.*, 1998 WL 720819 (E.D.Pa. 1998) (reducing lodestar by half).[12]

With Plaintiff's fees reduced from $810,644.30 to $393,974.45 after applying the reduction above (-$416,669.85), a further reduction of one-third ($131,324.82) would lower Plaintiff's fees to **$262,649.63.**

### D.   The Costs Sought Are Unreasonable

This Court has rejected many of the categories of costs sought by Plaintiff here. See Laura P., 2009 U.S. Dist. LEXIS 49390 at *30 (excluding costs for exhibit binders,

---

[12] This Court has reduced the lodestar by 25% to reflect only partial success on one out of two legal claims. See Laura P. v. Haverford Sch. Dist., 2009 U.S. Dist. LEXIS 49390, *30 (E.D. Pa. June 12, 2009).

parking, mileage, legal research, attorney travel expenses, court reporter expenses and meals as "part of attorney's overhead, presumably included in the hourly fee").  As shown in Appendix T, the $48,089.02 in costs should be reduced to $11,343.15.

### E.    Plaintiff's Pre-judgment Interest Request Requires Recalculation

Plaintiff makes a request for prejudgment interest in the amount of $433,808.77. As an initial matter, the awarding of pre-judgment interest is a matter that is purely discretionary with the Court.  Anderson v. CONRAIL, No. 98-6043, 2000 U.S. Dist. LEXIS 15978, **11-12 (E.D. Pa. Oct. 25, 2000).  If the Court should decide to award Plaintiff any prejudgment interest amount in this case, which Defendants argue the Court is not required to do, the amount of prejudgment interest proposed by Plaintiff requires a downward adjustment.

Plaintiff asks this Court to apply a 3-percent rate of interest to the judgment award.  Just as the Court has discretion to award prejudgment interest in the first place, the Court also has discretion to select the rate to calculate any award of prejudgment interest.  Id. at *12.  Courts in this jurisdiction have followed the Third Circuit's suggestion that trial courts "`may be guided by the rate set out in 28 U.S.C. §1961.'"  Id. at 13; see also Becker v. ARCO Chem. Co., 15 F. Supp.2d 621, 638 (E.D. Pa. 1998) (noting that the Third Circuit has proposed that the district courts "may look to the interest rate contained in the federal post-judgment interest statute, 28 U.S.C. §1961, for guidance" in the calculation of pre-judgment interest).

In Anderson, the Court proposed that the calculation for pre-judgment interest be made by "compound[ing] the interest rate annually but use the separate T-Bill rate for each year."  Anderson, 2000 U.S. Dist. LEXIS 15978 at *15.  The Annual T-Bill rates

as published by the Federal Reserve Bank dating back to 2010, the year when the School District deselected Plaintiff for the Project, are as follows: 2010 - 0.3%; 2011 – 0.17%; 2012 – 0.17%; 2013 – 0.13%; 2014 – 0.11% and 2015 – 0.3%.[13]  For 2016, the annual T-Bill rate in each of the first six months of the year have ranged as follows: January – 0.52%; February – 0.52%; March – 0.64%; April – 0.54%; May – 0.57%; and June – 0.54%.  All of the applicable T-Bill rates for a calculation pursuant to  28 U.S.C. §1961 are far lower than Plaintiff's proposed inflated rate of 3% interest.

Accordingly, if this Court is inclined to award Plaintiff pre-judgment interest at all, the amount of the interest awarded based upon the judicially permitted statutory post-judgment interest rate should be: $289,132.17.  (See Pre-judgment Interest Calculation attached as Appendix U).

**CONCLUSION**

For the foregoing reasons, Defendants request reductions in the attorneys' fees and costs in this matter consistent with the forgoing arguments, and the declarations and appendices filed herewith.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: August 10, 2016          By: */s/  Michon L. Crawford*
                                     Joe H. Tucker, Jr.
                                     Michon L. Crawford
                                     Jesse C. Klaproth
                                     One Penn Center at Suburban Station
                                     1617 JFK Boulevard, Suite 1700
                                     Philadelphia, PA 19103
                                     (215) 875-0609

**Attorneys for Defendants**

---

[13] The historical Treasury Bill information was obtained from the website of the Board of Governors of the Federal Reserve System at http://www.federalreserve.gov/releases/H15/data.htm.

14

**The School District of Philadelphia and**
**The Estate of Arlene Ackerman**

**<u>CERTIFICATE OF SERVICE</u>**

I, Michon L. Crawford, hereby certify that I caused a true and correct copy of the

foregoing Response to Plaintiff's Motion for the Award of Attorneys' Fees, Costs and

Prejudgment Interest to be served upon all counsel of record by electronic court

notification.


Dated:  August 10, 2016                           /s/  *Michon L. Crawford*_____
                                                              Michon L. Crawford